```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARKO FLORES,

                    Petitioner,

     -against-                        MEMORANDUM & ORDER
                                      12-CV-2152 (JS)

WARDEN BLEDSOE, Acting
Superintendent of the Orleans
Correctional Facility,

                    Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Marko Flores, pro se
                    59632-053
                    Lee United States Penitentiary
                    P.O. Box 305
                    Jonesville, VA 24263

For Respondent:     Cristin Connell, Esq.
                    Nassau County District Attorney's Office
                    262 Old Country Road
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Pro se petitioner Marko Flores ("Petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, his Petition is DENIED.

BACKGROUND

On May 13, 2000, Petitioner used a beer bottle to slice open the arm of a man while at the Winner's Circle Nite Club in Westbury, New York. (See Resp't's Aff., Docket Entry

10, ¶ 4.) "The victim suffered a severed muscle and tendon and required surgery for his injuries." (Resp't's Aff. ¶ 4.)

Petitioner was arrested that day and on August 14, 2000, he was charged with Assault in the First Degree (under New York Penal Law ("N.Y.P.L.") § 120.10(1)); Assault in the Second Degree (N.Y.P.L. §§ 120.05(2)); and Criminal Possession of a Weapon in the Third Degree (N.Y.P.L. § 265.02(1)). (See Resp't's Aff. ¶¶ 4,5.) "On March 26, 2001, in County Court, Nassau County, [P]etitioner waived his right to appeal and pleaded guilty to assault in the first degree, a class B violent felony." (Resp't's Aff. ¶ 6.)

Petitioner had previously pleaded guilty, in United States District Court, Eastern District, to "assault in furtherance of racketeering activity and brandishing a firearm in furtherance of a crime of violence." (See Resp't's Aff. ¶ 7.) The county court agreed to sentence Petitioner to a prison term of five years to run concurrently with Petitioner's yet-to-be imposed federal sentence if the federal sentence was at least ten years--if the federal sentence was less than ten years, the county court's imposed sentence would run consecutively. (Resp't's Aff. ¶ 8.) The federal district court sentenced Petitioner to a term of 141 months (more than eleven years), thus the county court ordered the state sentence

2

to run concurrently. (Resp't's Aff. ¶¶ 9-10.) Petitioner did not appeal his conviction.

Petitioner served his state sentence first, finishing on April 11, 2005 when he was transferred to the custody of the Federal Bureau of Prisons. (Resp't's Aff. ¶ 12.) The Federal Bureau of Prisons refused to grant Petitioner "prior custody credit"; Petitioner was ordered to serve the full 141-month federal prison term. (Resp't's Aff. ¶ 13.) Petitioner acknowledged that he became aware that his sentences would run consecutively on April 8, 2009; he did not take any action with respect to this issue until September 20, 2010 when he filed a motion to vacate judgment. (Resp't's Aff. ¶¶ 15-16.) Petitioner's motion argued that he was denied effective assistance of counsel because Petitioner relied on his counsel's representation that his sentences would run concurrently. (Resp't's Aff. ¶ 16.)

Petitioner's motion was denied by the county court on September 14, 2011. (Resp't's Aff. ¶ 18.) Petitioner appealed the ruling to the New York Appellative Division, Second Department, which denied the appeal on March 14, 2012. (Resp't's Aff. ¶ 19.)

The Petition asserts the same ground as the motion to vacate: Petitioner's trial counsel provided ineffective assistance of counsel by stating that Petitioner would serve his

3

federal and state prison sentences concurrently. (See Pet. at 5A.)

DISCUSSION

I. Legal Standard

   A. Generally

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." Harrington v. Richter, --- U.S. ----, 131 S. Ct. 770, 780, 178 L. Ed. 2d 624 (2011).

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996 ("AEDPA"), 28 U.S.C. § 2254(a).

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have

4

been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

    B. <u>Procedural Default</u>

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Coleman v. Thompson</u>, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640 (1991).

"If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred, we 'must deem the [ ] claim procedurally defaulted.'" <u>Carvajal v. Artus</u>, 633 F.3d 95, 104 (2d Cir. 2011) (alteration in original) (quoting <u>Aparicio v. Artuz</u>, 269 F.3d 78, 90 (2d Cir. 2001)).

II. <u>Time-Barred</u>

    The Petition is procedurally defaulted. Implicitly, Petitioner is arguing that his delay in filing is due to the discovery of the factual predicate of his claim and is thus timely. <u>See</u> 28 U.S.C. § 2244(d)(1)(D). Petitioner discovered on April 8, 2009 that his prison terms would run consecutively.

5

Petitioner, however, did not file his Petition until April 27, 2012. Petitioner did not file a state motion to vacate judgment until September 20, 2010, thus any tolling would still leave the Petition time-barred. The Petition is clearly time-barred and, therefore, the Petition is DENIED.

III. <u>State Custody</u>

"The first showing a § 2254 petitioner must make is that he is 'in custody pursuant to the judgment of a State court.'" <u>Lackawanna Cnty. Dist. Attorney v. Coss</u>, 532 U.S. 394, 401, 121 S. Ct. 1567, 1572, 149 L. Ed. 2d 608 (2001) (citing 28 U.S.C. § 2254(a)).

In addition to being time-barred, Petitioner is no longer in state custody and, therefore, a § 2254 petition is unavailable to him. Though Petitioner remains in federal custody, his federal sentence is not related to his state sentence, nor has his federal sentence been enhanced due to his state sentence. Section 2254 is, therefore, unavailable to Petitioner and the Petition is DENIED.

<u>CONCLUSION</u>

For the reasons set forth above, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Because there can be no debate among reasonable jurists that Petitioner was entitled to habeas relief, the Court does not issue a Certificate of Appealability.

28 U.S.C. § 2253(c); see also Middleton v. Att'ys Gen., 396 F.3d 207, 209 (2d Cir. 2005).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the pro se Petitioner and to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July  31 , 2014
       Central Islip, NY